IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT D. HAUGHIE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-12-cv-2475 |
| WARDEN | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 12. Although he was advised of his right to file a response in opposition to Defendant's motion and of the consequences of failing to do so, Plaintiff has not filed anything further in this case. *See* ECF No. 13. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

Plaintiff Robert Haughie ("Haughie"), a prisoner confined to Eastern Correctional Institution (ECI), alleges that while incarcerated at Roxbury Correctional Institution (RCI) between August 25, 2009 and September 1, 2009, he was stabbed in the back twice by other inmates when returning from recreation yard. Haughie alleges the warden of RCI failed to take appropriate precautions to prevent weapons from being carried to and from recreation yard and failed to adequately protect him from harm. ECF No. 1 at p. 3.

Defendant asserts that on July 21, 2009, during a mass movement from the prison court yard, Haughie fought with Derek Crowley, another inmate confined at RCI. ECF No. 12 at Ex. L, pp. 1 – 4. During the altercation Crowley stabbed Haughie in the right shoulder with a weapon made from a sharpened fragment of fence material. *Id.* at Ex. D. Haughie struck

Crowley two to three times in the upper shoulder and back with Haughie's medically approved cane. *Id*. at Ex. K. Both inmates were taken to the medical unit for first aid treatment and Haughie was taken to a hospital for treatment of two deep puncture wounds to the right shoulder which required four stitches. Haughie was released later that evening. *Id*. Following the incident Haughie refused to give a statement regarding the incident to prison officials.[1] *Id*. at Ex. L, p. 4. Crowley was placed to Haughie's enemy list, the first enemy to be added to Haughie's list since 2003. *Id*. at Ex. I.

As a result of the incident Crowley was removed from general population and Haughie was placed in protective custody. *Id*. at Ex. F. Haughie was transferred to ECI on September 8, 2009. *Id*. at Ex. M. Both Crowley and Haughie received disciplinary adjustments for the incident. *Id*. at Ex. E.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

---

[1] Crowley also did not cooperate with the investigation into the incident. Reports note that Crowley is a member of the prison security threat group known as Dead Men Incorporated or DMI and that it was believed Haughie was targeted for assault for his refusal to do favors for DMI members housed on segregation. ECF No. 12 at Ex. L, p. 2.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

In order to prevail on an Eighth Amendment claim of failure to protect from violence, Plaintiff must establish that Defendant exhibited deliberate or callous indifference to a specific known risk of harm. *Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference." *Id* at 837. *See also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

     Defendant alleges, and Haughie fails to refute, that there was no knowledge that Crowley presented a threat of harm to Haughie prior to the incident that spontaneously occurred between the two men. ECF No. 12. In the aftermath of the assault, Defendant took steps to insure neither man would be the subject of another attack. Additionally, Defendant claims that there was no reason to believe that Haughie was the focus of planned attacks as he had not added an enemy to his list for approximately six years prior to this incident. Absent any evidence that Defendant knew or should have known of a specific risk of harm to Haughie presented by his assailant, there is no basis to conclude the Eighth Amendment was violated. Defendant's motion shall be granted by separate order which follows.

Date:  February 5, 2013                                                                /s/
                                                                               Alexander Williams, Jr.
                                                                               United States District Judge